IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUBERTO JOSE GIORDANI RAMIREZ, <br>    A# 244171663, <br>      Petitioner, <br><br> v. <br><br> MERRICK GARLAND, et al., <br>      Respondents. | § § § § § § § § § § | <br><br><br><br><br> No. 3:25-CV-3300-S-BW <br><br><br> Referred to U.S. Magistrate Judge[1] |

**NOTICE OF DEFICIENCY AND ORDER**

     Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed and signed by Angellys Difrisco Flores as "next friend" and on behalf of Petitioner Euberto Jose Giordani Ramirez, an immigration detainee at the Prairieland Detention Center in Alvarado, Texas. (Dkt. No. 3.)

     "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner, however. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

     To represent a party as "next friend" in a habeas action, the purported next friend must: (1) give an adequate explanation why the real party in interest cannot pursue the action on his own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) establish that there is a true dedication to the best interest of the real party in interest, which may require a "significant relationship with the real party in interest." *Id.* at 163-64. The purported next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Id.* at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Here, Flores is not licensed to practice law and lacks authority to file legal claims on behalf of a detainee. She has not demonstrated that Ramirez is incapable of prosecuting this case on his own, and she makes no suggestion of inaccessibility, mental incompetence, or other disability; she also is not entitled to next-friend status by virtue of her relationship to Ramirez based on her description as his "partner." *See, e.g.*, *United States v. Barrandey*, No. MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities). Accordingly, Flores has not established the propriety of "next friend" status for purposes of § 2242, and she may not represent Ramirez in this habeas action.

Ramirez, however, has the right to pursue habeas relief through licensed counsel or on his own behalf by filing the appropriate form § 2241 petition under his own signature. **If Ramirez wishes to pursue this habeas action, he must complete, sign, and return the enclosed form for actions filed under 28 U.S.C. § 2241 within 30 days of the date of this order. He must also either pay the $5 filing fee for a habeas case or submit an application to proceed in forma pauperis with the required certificate of inmate trust account or comparable form, such as a resident account summary, within 30 days of the date of this order.**

If Ramirez does not wish to pursue this habeas action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Ramirez must immediately notify the Court of any change of address and its effective date by filing a notice entitled "Notice to the Court of Change of Address." The notice should contain *only* information about the change of address and effective date.

Failure to comply with this order may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is **DIRECTED** to send Ramirez:

(1) a copy of this order,

(2) a form application (with certificate of inmate trust account form) to proceed in forma pauperis in a habeas case, and

(3) a standard form for cases filed under 28 U.S.C. § 2241, with the case number and notation "Amended" included on the form.

The Clerk of the Court also is **DIRECTED** to send Flores a copy of this order and the additional documents sent to Ramirez and to remove her as a party in the case. Flores shall not receive any further notice of the proceedings here.

No process will issue except upon order of the Court.

**SO ORDERED** on December 4, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE